1  Eugene J. Egan (State Bar No. 130108)
   *eje@manningllp.com*
2  Gabriella A. Pedone (State Bar No 308384)
   *gap@manningllp.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
7  Attorneys for Defendant, TARGET CORPORATION

8  ## UNITED STATES DISTRICT COURT

9  ## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

| | |
|---|---|
| 11  LOGAN PALOMO, an individual, | **Case No.** |
| 12  Plaintiff, | |
| 13  v. | (State Case No. 20STCV46247) |
| 14  TARGET CORPORATION, a Minnesota corporation, and DOES 1 to 20, Inclusive, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(1 (DIVERSITY); DECLARATION OF GABRIELLA A. PEDONE** |
| 15 | |
| 16  Defendants. | |
| 17 | *Complaint Filed:     12/03/2020*<br>*Trial Date:       06/02/2022* |

18

19      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

20  THE CENTRAL DISTRICT OF CALIFORNIA:

21      PLEASE TAKE NOTICE THAT defendant TARGET CORPORATION

22  (hereinafter, "Target" or "Defendant") hereby removes to this Court the state court

23  action described below.

24      1.      On December 3, 2020, an action was commenced in the Superior Court

25  of the State of California in an for the County of Los Angeles, entitled LOGAN

26  PALOMO, an individual, Plaintiff vs. TARGET CORPORATION and DOES 1

27  through 20, inclusive, Defendants , as Case Number 20STCV46247 (the "Action").

28  A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A."**

2.     Target was first served a copy of the Complaint on November 3, 2021. A true and correct copy of the Proof of Service of Process is attached hereto as **Exhibit "B."**

3.     Plaintiff was, at the time he filed the Action and still is, a citizen of the State of California.

4.     On December 3, 2021, Target filed and served its Answer to the Complaint, Demand for Jury Trial and Notice of Posting Jury Fees with the California Superior Court. A true and correct copy of Target's Answer to Complaint, Demand for Jury Trial and Notice of Posting Jury Fees is attached hereto as **Exhibit "C."**

5.     Aggregating all of the damages that Plaintiff seeks, the amount in controversy exceeds $75,000.00 based on Plaintiff's responses to Defendant's form interrogatories, dated February 1, 2022. Plaintiff's responses to form interrogatories allege medical special damages in excess of $93,928.62. A true and correct copy of Plaintiff's responses to Defendant's form interrogatories is attached hereto as **Exhibit "D."**

6.     This removal is timely and was filed within thirty (30) days of receipt by Defendant, of a copy of Plaintiff's responses to form interrogatories, from which it was first ascertained that the case is one which is or has become removable.

7.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8.     Target is the only named defendant; the other defendants in this action are fictitiously named, designated as DOES 1 to 20, and their citizenship shall not be considered in determining diversity jurisdiction. 28 U.S.C. §1446(b).

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(1 (DIVERSITY); DECLARATION OF GABRIELLA A. PEDONE

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
— Attorneys at Law —

9.      Target Corporation was, at the time of the filing of this action, and still is, a citizen of the State of Minnesota, incorporated under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota. Both the California Secretary of State and Minnesota Secretary of State identify Target Corporation as a Minnesota Corporation with its principle address at 1000 Nicollet Mall, Minneapolis, Minnesota 55403 on their respective websites. True and correct copies of search results for Target Corporation on those websites are attached hereto as **Exhibit "E."**

10.     Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders sent to and received by Target in the State Court action are attached hereto.

# DECLARATION OF GABRIELLA A. PEDONE

I, Gabriella A. Pedone, declare as follows:

1.      I am an attorney duly admitted to practice in the courts of the State of California and am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendant TARGET CORPORATION. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of Defendant's Notice of Removal of Action Under 28 U.S.C. §1441(b)1 (diversity).

2.      On December 3, 2020, an action was commenced in the Superior Court of the State of California in an for the County of Los Angeles, entitled LOGAN PALOMO, an individual, Plaintiff vs. TARGET CORPORATION and DOES 1 through 20, inclusive, Defendants , as Case Number 20STCV46247 (the "Action"). A true and correct copy of Plaintiffs Complaint is attached hereto as **Exhibit "A."**

3.      Target was first served a copy of the Complaint on November 3, 2021. A true and correct copy of the Proof of Service of Process is attached hereto as **Exhibit "B."**

4.      Plaintiff was, at the time he she filed the Action and still is, a citizen of the State of California.

5.      On December 3, 2021, Target filed and served its Answer to the Complaint, Demand for Jury Trial and Notice of Posting Jury Fees with the California Superior Court. A true and correct copy of Target's Answer to Complaint, Demand for Jury Trial and Notice of Posting Jury Fees is attached hereto as **Exhibit "C."**

6.      Aggregating all of the damages that Plaintiff seeks, the amount in controversy exceeds $75,000.00 based on Plaintiff's responses to Defendant's form interrogatories, dated February 1, 2022. Plaintiff's responses to form interrogatories allege medical special damages in excess of $93,928.62. A true and correct copy of

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(1 (DIVERSITY); DECLARATION OF GABRIELLA A. PEDONE**

1   Plaintiff's responses to Defendant's form interrogatories is attached hereto as
2   **Exhibit "D."**

3         6.      This removal is timely and was filed within thirty (30) days of receipt
4   by Defendant, of a copy of Plaintiffs responses to form interrogatories, from which
5   it was first ascertained that the case is one which is or has become removable.

6         7.      This action is a civil action of which this Court has original
7   jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this
8   Court by defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that this is
9   a civil action between citizens of different states and the matter in controversy
10  exceeds the sum of $75,000.00, exclusive of interest and costs.

11        8.      Target is the only named defendant; the other defendants in this
12  action are fictitiously named, designated as DOES 1 to 20, and their citizenship
13  shall not be considered in determining diversity jurisdiction. 28 U.S.C. §1446(b).

14        9.      Target Corporation was, at the time of the filing of this action, and
15  still is, a citizen of the State of Minnesota, incorporated under the laws of the State
16  of Minnesota, with its principal place of business in the State of Minnesota. Both
17  the California Secretary of State and Minnesota Secretary of State identify Target
18  Corporation as a Minnesota Corporation with its principle address at 1000 Nicollet
19  Mall, Minneapolis, Minnesota 55403 on their respective websites. True and correct
20  copies of search results for Target Corporation on those websites are attached
21  hereto as Exhibit "E."

22        10.     Pursuant to 28 U.S.C. §1446(a), true and correct copies of all
23  process, pleadings, and orders sent to and received by Target in the State Court
24  action are attached hereto.

25        //
26        //
27        //
28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1

2      I declare under penalty of perjury under the laws of the United States of

3  America that the foregoing is true and correct.

4      Executed on this 2nd day of March, 2022, at Los Angeles, California.

5                                                    Gabriella A. Pedone

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(1 (DIVERSITY); DECLARATION OF GABRIELLA A. PEDONE**

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/03/2020 01:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
20STCV46247

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
TARGET CORPORATION, a Minnesota corporation, and DOES 1 TO 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
LOGAN PALOMO, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Spring Street Courthouse, 312 N. Spring Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):* 20STCV46247 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Reed & Garcia Law, P.C., 5777 West Century Blvd., Suite 775, Los Angeles, CA 90045, (888) 487-8133

| DATE: *(Fecha)* 12/03/2020 | Sherri R. Carter Executive Officer / Clerk of Court Clerk, by C. Monroe *(Secretario)*, Deputy *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Target Corporation,a Minnesota Corporation**

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

*[SEAL]*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A, Page 000008

Electronically FILED by Superior Court of California, County of Los Angeles on 12/03/2020 01:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
20STCV46247

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Crowley

1   Muammar Reed, SBN 275133
    **REED & GARCIA LAW, P.C.**
2   5777 W. Century Blvd., STE 775
    Los Angeles, CA 90045
3   Tel:  (888) 487-8133
    Fax: (424) 320-3033

4
    Attorneys for Plaintiff
5   **LOGAN PALOMO**

6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF LOS ANGELES

10

11  LOGAN PALOMO, an individual,           ) CASE NO.:  20STCV46247
                                           )
12                Plaintiff,               ) **COMPLAINT FOR DAMAGES**
                                           )
13        v.                               )   1.  PREMISES LIABILITY
                                           )   2.  NEGLIGENCE
14  TARGET CORPORATION, a Minnesota        )
    corporation, and DOES 1 TO 20, inclusive, )
15                                         ) **Jury Trial Demanded**
                  Defendants.              ) *CCP § 631 et seq.*
16  _____    )

17        Plaintiff, LOGAN PALOMO (hereinafter "Plaintiff" or "Mr. Palomo"), for his Complaint,

18  brings this action against defendants TARGET CORPORATION and DOES 1 to 20 (collectively

19  "Defendants") as follows:

20                            **THE PARTIES**

21        1.    Upon information and belief, defendant TARGET CORPORATION ("Defendant

22  Target") is, and at all relevant times herein was, a Minnesota corporation authorized to do business

23  in the County of Los Angeles in the State of California.

24        2.    Plaintiff Logan Palomo is a competent adult who at all times relevant herein was a

25  resident of the County of Los Angeles in the State of California.

26        3.    The true names and capacities of DOES 1-20, inclusive, whether individual,

27  corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by

28

                                           1

such fictitious names pursuant to *Cal. Civ. Proc. § 474*. Plaintiff will amend this Complaint to show their true names and capacities when they have been determined.

4.      Plaintiff is informed and believes, and upon such information alleges, that at all times relevant, each of the named and fictitiously named defendants was an employee, agent or co-conspirator of one of the defendants, and was acting within the scope of said agency or employment. Plaintiffs are further informed and believe, and upon such information and belief allege, that each of the named and fictitiously named defendants conspired/aided and abetted defendants in committing the wrongful acts alleged herein, and that Plaintiff's damages, as alleged herein, were proximately caused by such defendants. It is further alleged that each of the defendants ratified the conduct and actions of each other defendant.

## FACTUAL ALLEGATIONS

5.      On December 5, 2018, Mr. Palomo was shopping in Target (located at 777 E Colorado Blvd, Pasadena, CA 91101), when she stepped and slipped in liquid (a dangerous condition), which caused severe injuries to Mr. Palomo.

## FIRST CAUSE OF ACTION

### (Premises Liability – Against All Defendants)

6.      Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 5.

7.      Defendants owned, leased, occupied, secured and/or controlled the Target located at 777 E Colorado Blvd, Pasadena, CA 91101 ("Premises").

8.      Defendants and its employees were negligent in the use or maintenance of the aforementioned Premises because they allowed a dangerous condition to exist on or adjacent to their Premises, which caused injury to Plaintiff.

9.      Upon information and belief, Defendant had actual and/or constructive notice of the aforementioned dangerous condition.

10.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries and harm in an amount according to proof at trial. All of Plaintiff's damages and losses

2

were substantially caused by Defendants' negligence, without any contributing negligence of Plaintiff.

### SECOND CAUSE OF ACTION

### (Negligence – Against All Defendants)

11.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 10.

12.     Defendants had a duty of care to all persons of the public that were on the Premises. Defendants had a duty to maintain the Premises in a reasonably safe manner and to prevent falls due to dangerous conditions on the Premises.

13.     Defendant breached the aforementioned duties by carelessly and negligently, operating, maintaining, or controlling the aforementioned Premises.

14.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered injuries and harm in an amount according to proof at trial.  All of Plaintiff's damages and losses were substantially caused by Defendant's negligence, without any contributing negligence of Plaintiff.

### JURY TRIAL DEMAND

15.     Plaintiff hereby demands a jury trial in connection with all the aforementioned causes of action, claims and allegations.

**WHEREFORE**, Plaintiff prays judgment as follows:

1.  For all special damages in an amount to be proven at trial;

2.  For all general damages in an amount to be proven at trial;

3.  All costs incurred herein;

4.  For interest at the legal rate of interest; and

5.  All other and further relief that the Court deems to be just and proper.

Dated: December 3, 2020                              REED & GARCIA LAW, P.C.

Muammar Reed, Esq.
Attorney for Plaintiff

3

Electronically FILED by Superior Court of California, County of Los Angeles on 12/03/2020 08:03 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe, Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Muammar Reed, Esq (SBN: 275133)<br>Reed & Garcia Law. P.C.<br>5777 West Century Blvd., Suite 755<br>Los Angeles, CA 90045<br><br>TELEPHONE NO.: 888-487-8133   FAX NO.: 424-320-3033<br>ATTORNEY FOR (Name): Plaintiff Logan Palomo | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME:
**Logan Palomo v. Target Corporation**

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20STCV46247<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [X] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 2 Causes: Premises Liability (1), Negligence (2)
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 3, 2020

Muammar Reed, Esq.
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Exhibit A, Page 9

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2:30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Exhibit A, page 000013

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Logan Palomo v. Target Corporation | |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☒ A7250  Premises Liability (e.g., slip and fall) | 1, 4, (11) |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
~~AND STATEMENT OF LOCATION~~

Local Rule 2.3

Exhibit A, Page 000014

| SHORT TITLE: | CASE NUMBER |
|---|---|
| **Logan Palomo v. Target Corporation** | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Logan Palomo v. Target Corporation | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3

Exhibit A, Page 00014

| SHORT TITLE: Logan Palomo v. Target Corporation | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:  □ 1. □ 2. □ 3. □ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. ☒ 11. | ADDRESS: 777 E. Colorado Blvd. |
|---|---|

| CITY: Pasadena | STATE: CA | ZIP CODE: 91101 | |
|---|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _____ Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 12/03/2020

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.   Original Complaint or Petition.

2.   If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.   Civil Case Cover Sheet, Judicial Council form CM-010.

4.   Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.   Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.   A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.   Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/03/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Monroe _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV46247 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Daniel M. Crowley | 28 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 12/04/2020
    (Date)

**Sherri R. Carter, Executive Officer / Clerk of Court**

By C. Monroe _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

Exhibit A, Page 000018

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R Carter, Executive Officer/Clerk

By _____ Deputy
Carlona Albino

2020-SJ-002-00

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY | ) CASE NO.: |
| COURT ("PI COURT") PROCEDURES | ) |
| SPRING STREET COURTHOUSE | ) FIRST AMENDED STANDING ORDER |
| (EFFECTIVE FEBRUARY 24, 2020) | ) RE: PERSONAL INJURY PROCEDURES |
| | ) AT THE SPRING STREET COURTHOUSE |

---

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

    DATE: _____ AT 10:00 A.M.

**TRIAL:**

    DATE: _____ AT 8:30 A.M.

**OSC RE DISMISSAL
(CODE CIV. PROC., § 583.210):**

    DATE: _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

1    1.      To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil

2    Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an

3    unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of

4    Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death;

5    Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability

6    (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons;

7    Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily

8    Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful

9    Death. An action for intentional infliction of emotional distress, defamation, civil

10    rights/discrimination, or malpractice (other than medical malpractice), is not included in this

11    definition. An action for injury to real property is not included in this definition" (Local Rule

12    2.3(a)(1)(A)).

13        Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if

14    plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

15          ☐    A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

16          ☐    A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured

17               Motorist

18          ☐    A7260 Product Liability (not asbestos or toxic/environmental)

19          ☐    A7210 Medical Malpractice – Physicians & Surgeons

20          ☐    A7240 Medical Malpractice – Other Professional Health Care Malpractice

21          ☐    A7250 Premises Liability (e.g., slip and fall)

22          ☐    A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,

23               assault, vandalism etc.)

24          ☐    A7220 Other Personal Injury/Property Damage/Wrongful Death

25        The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere

26    in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

27        The Court sets the above dates in this action in the PI Court as reflected in the Notice of

28    Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

Exhibit A, Page 000021

1  90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2  **FILING OF DOCUMENTS**

3  2.      With the exception of self-represented litigants or parties or attorneys that have obtained

4  an exemption from mandatory electronic filing, parties must electronically file documents.

5  Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed

6  in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online

7  at www.lacourt.org (link on homepage).

8  **SERVICE OF SUMMONS AND COMPLAINT**

9  3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

10  soon as possible but no later than three years from the date when the complaint is filed

11  (C.C.P. § 583.210, subd. (a)).  On the OSC re Dismissal date noted above, the PI Court will

12  dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action

13  or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14  4.      The Court sets the above trial and final status conference ("FSC") dates on the condition

15  that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six

16  months of filing the complaint.

17  5.      The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure

18  § 581 when no party appears for trial.

19  **STIPULATIONS TO CONTINUE TRIAL**

20  6.      Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.

21  § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing

22  good cause or articulating any reason or justification for the change.  To continue or advance a

23  trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation

24  to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

25  on the court's website, Personal Injury Court link).  The PI Courts schedule FSCs at 10:00 a.m.,

26  eight court days before the trial date.  Parties seeking to continue the trial and FSC dates shall

27  file the stipulation at least eight court days before the FSC date.  Parties seeking to advance the

28  trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

1  FSC date (C.C.P. § 595.2;  Govt. Code § 70617, subd. (c)(2)).  In selecting a new trial date,
2  parties should avoid setting on any Monday, or the Tuesday following a court holiday.  Parties
3  may submit a maximum of two stipulations to continue trial, for a total continuance of six
4  months. Subsequent requests to continue trial will be granted upon a showing of good cause by
5  noticed motion.  This rule is retroactive so that any previously granted stipulation to continue
6  trial will count toward the maximum number of allowed continuances.

7  **NO CASE MANAGEMENT CONFERENCES**

8  7.      The PI Courts do not conduct case management conferences.  The parties need not file a
9  Case Management Statement.

10 **LAW AND MOTION**

11 8.      Any and all electronically-filed documents must be text searchable and bookmarked.
12 (*See* operative General Order re Mandatory Electronic Filing in Civil).

13 **COURTESY COPIES REQUIRED**

14 9.      Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy
15 copies of certain documents must be submitted directly to the PI Court courtrooms at the
16 Spring Street Courthouse.  The PI Courts also strongly encourage the parties filing and
17 opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
18 or more three-ring binders organizing the courtesy copy behind tabs.  Any courtesy copies of
19 documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)).  All
20 deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits
21 (C.R.C. Rule 3.1116(c)).

22 **RESERVATION HEARING DATE**

23 10.     Parties must reserve hearing dates for motions in the PI Courts using the Court
24 Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).   After
25 reserving a motion hearing date, the reservation requestor must submit the papers for filing with
26 the reservation receipt number printed on the face page of the document under the caption and
27 attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the
28 online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

1  Friday, between 3:00 p.m. and 4:00 p.m.

2  **WITHDRAWAL OF MOTIONS**

3  11.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court
4  immediately if a matter will not be heard on the scheduled date.  In keeping with that rule, the
5  PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to
6  the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not
7  needlessly prepare tentative rulings for these matters.

8  **DISCOVERY MOTIONS**

9  12.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to
10  resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another
11  attorney with full authority to make binding agreements, must attend in person.  The PI judges
12  have found that, in nearly every case, the parties amicably resolve disputes with the assistance
13  of the Court.

14  13.    Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to
15  Discovery will be heard unless the moving party submits evidence, by way of declaration, that
16  the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in
17  an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for
18  noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a
19  motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because
20  of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for
21  filing a motion to compel further discovery responses in order to allow time to participate in an
22  IDC.

23         If parties do not stipulate to extend the deadlines, the moving party may file the motion
24  to avoid it being deemed untimely.   However, the IDC must take place before the motion is
25  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least
26  60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery
27  Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance
28  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

2020-SJ-002-00

1   that complies with the notice requirements of the Code of Civil Procedure.

2   14.    Parties must reserve IDC dates in the PI Courts using CRS, which is available online at
3   www.lacourt.org (link on homepage). Parties must meet and confer regarding the available dates
4   in CRS prior to accessing the system.  After reserving the IDC date, the reservation requestor
5   must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form
6   LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt
7   as the last page.  The opposing party may file and serve a responsive IDC form, briefly setting
8   forth that party's response, at least ten court days prior to the IDC.

9   15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to
10  resolve other types of discovery disputes.

11  **EX PARTE APPLICATIONS**

12  16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a
13  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"
14  "immediate danger," or where the moving party identifies "a statutory basis for granting relief
15  ex parte" (C.R.C. Rule 3.1202(c)).  The PI Courts have no capacity to hear multiple *ex parte*
16  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI
17  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate
18  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*
19  relief, the moving party should reserve the earliest available motion hearing date (even if it is
20  after the scheduled trial date) and file a motion to continue trial.  Parties should also check
21  CRS from time to time because earlier hearing dates may become available as cases settle or
22  hearings are taken off calendar.

23  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24  17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")
25  Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated
26  Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's
27  website under the PI Courts link).  The PI Courts will transfer a matter to an IC Court if the case
28  is not a "Personal Injury" case as defined in this Order, or if it is "complicated."  In determining

2020-SJ-002-00

1  whether a personal injury case is "complicated" the PI Courts will consider, among other things,

2  the number of pretrial hearings or the complexity of issues presented.

3  18.    Parties opposing a motion to transfer have five court days to file an Opposition (using

4  the same LACIV 238 Motion to Transfer form).

5  19.    The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although

6  the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts

7  will make an independent determination whether to transfer the case or not.

8  **FINAL STATUS CONFERENCE**

9  20.    Parties shall comply with the requirements of the PI Courts' operative Standing Order

10 Re Final Status Conference, which shall be served with the summons and complaint.

11 **JURY FEES**

12 21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial

13 complaint (C. C. P. § 631, subd. (c)(2)).

14 **JURY TRIALS**

15 22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

16 Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

17 will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal

18 Courtrooms.

19 **SANCTIONS**

20 23.    The Court has discretion to impose sanctions for any violation of this general order

21 (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

22

23

24 Dated: _Feb. 24, 2020_

25                SAMANTHA P. JESSNER
                  Supervising Judge of Civil Courts

26

27

28

**Page 7 of 7**

2020-SJ-004-00

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Corina Albino

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | THIRD AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective January 13, 2020) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS August 9, 2019 STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

## 1. PURPOSE OF THE FSC

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

///

## 2. TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

### A. TRIAL BRIEFS (OPTIONAL)

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

### B. MOTIONS IN LIMINE

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C. JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

### D. JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

Exhibit A, Page 000028

**E.      LIST OF PROPOSED JURY INSTRUCTIONS**

**(JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

**F.      JURY INSTRUCTIONS**

**(JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

**G.      JOINT VERDICT FORM(S)**

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

**H.      JOINT EXHIBIT LIST**

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

**I.      PAGE AND LINE DESIGNATION FOR**

**DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the deposition or

1   former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto,

2   and 5) the Court's ruling.

3   **3.**   **EVIDENTIARY EXHIBITS**

4         The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at

5   the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,

6   organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the

7   witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written

8   description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties

9   have a joint signed exhibit list and electronic copies of their respective exhibits, then the

10   parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit

11   binders will be required by the assigned trial judge when the trial commences.  In the absence of

12   either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced

13   by all parties/counsel at the FSC.

14   **4.**   **TRIAL BINDERS REQUIRED IN THE PI COURTS**

15         The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the

16   following for inspection at the FSC) the Trial Documents consisting of conformed copies (if

17   available), tabbed and organized into three-ring binders with a table of contents that includes the

18   following:

19        Tab A:      Trial Briefs (Optional)

20        Tab B:      Motions in Limine

21        Tab C:      Joint Statement to Be Read to the Jury

22        Tab D:      Joint Witness List

23        Tab E:      Joint List of Jury Instructions (identifying the agreed upon and contested

24                    instructions)

25        Tab F:      Joint and Contested Jury Instructions

26        Tab G:      Joint and/or Contested Verdict Form(s)

27        Tab H:      Joint Exhibit List

28

**THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS**
**(Effective January 13, 2020)**

Exhibit A, Page 000030

Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and
            Former Testimony

Tab J:      Copies of the Current Operative Pleadings (including the operative complaint,
            answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers.  The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

**5.      FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

Exhibit A, Page 000061

2020-SJ-003-00

**FILED**
Superior Court of California
County of Los Angeles

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
Lorena Alpino



# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO PERSONAL INJURY COURTROOMS AT THE SPRING STREET COURTHOUSE | ) FIFTH AMENDED STANDING ORDER ) RE: MANDATORY SETTLEMENT — ) CONFERENCE ) (Effective February 24, 2020) ) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court ("Court") HEREBY AMENDS AND SUPERSEDES THE September 26, 2019 FOURTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING FIFTH AMENDED STANDING ORDER:

The Court orders the parties to participate in a Mandatory Settlement Conference ("MSC") supervised by a Personal Injury Court Judge and staffed by volunteer settlement attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, and the Consumer Attorneys Association of Los Angeles.

1. Plaintiff's counsel shall, within two (2) court days of the Court's order of an MSC, access the Consumer Attorneys Association of Los Angeles ("CAALA") website, at www.caala.org, and under "The LASC COURT CONNECTION" click on "LA Superior Court PI MSC (Parties)," to register and schedule a mutually agreed upon time for the MSC prior to the trial date.

2. A mandatory settlement conference statement shall be served on all parties not less than five (5) court days before the scheduled MSC. Parties' counsel shall serve

1

Exhibit A, Page 000032

2020-SJ-003-00

1  opposing counsel, CAALA at stuart@caala.org, and the Court by email.   Email

2  addresses for the PI courtrooms can be found on the Court's website at

3  www.lacourt.org, under "*Division*" go to "*Civil*", then go to "*General Jurisdiction*

4  *PI Court*" then click on "*PI Courtroom Email Addresses*".  CAALA will forward

5  the mandatory settlement conference statements to the settlement attorneys.

6    3.  Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior

7       Court Rule 3.25(d), trial counsel, the parties and persons, including insurance

8       company representatives with full settlement authority, must attend in person unless

9       the settlement judge excuses personal appearance for good cause.

10    4.  If the case settles prior to the scheduled MSC, Plaintiff's counsel shall notify the

11       specific Courtroom, forthwith, of such settlement by email and also CAALA by email

12       to stuart@caala.org.

13    5.  Parties and counsel are ordered to appear in in the assigned Personal Injury

14       Courtroom at the scheduled time and date of the MSC as selected by the parties'

15       counsel.

16    6.  The Court has the discretion to require any party and/or counsel who fails or refuses

17       to comply with this order to show cause why the Court should not impose monetary

18       sanctions.

19

20

21  Dated:  Feb. 24, 2020

22  **SAMANTHA P. JESSNER**
Supervising Judge of Civil Courts

23

24

25

26

27

28

2

FIFTH AMENDED STANDING ORDER – MANDATORY SETTLEMENT CONFERENCE

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)<br>LASC Approved 04/11<br>For Optional Use    **STIPULATION – EARLY ORGANIZATIONAL MEETING**    Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

                          (INSERT DATE)                            (INSERT DATE)

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
          (TYPE OR PRINT NAME)

Date:

➤ _____
          (ATTORNEY FOR PLAINTIFF)

_____
          (TYPE OR PRINT NAME)

Date:

➤ _____
          (ATTORNEY FOR DEFENDANT)

_____
          (TYPE OR PRINT NAME)

Date:

➤ _____
          (ATTORNEY FOR DEFENDANT)

_____
          (TYPE OR PRINT NAME)

Date:

➤ _____
          (ATTORNEY FOR DEFENDANT)

_____
          (TYPE OR PRINT NAME)

Date:

➤ _____
          (ATTORNEY FOR _____)

_____
          (TYPE OR PRINT NAME)

Date:

➤ _____
          (ATTORNEY FOR _____)

_____
          (TYPE OR PRINT NAME)

➤ _____
          (ATTORNEY FOR _____)

Exhibit A, Page 000036

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY· | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

 a.  The party requesting the Informal Discovery Conference will:

  i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

  ii.  Include a brief summary of the dispute and specify the relief requested; and

  iii.  Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

 b.  Any Answer to a Request for Informal Discovery Conference must:

  i.  Also be filed on the approved form (copy attached);

  ii.  Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

Exhibit A, Page 000037

| SHORT TITLE: | CASE NUMBER |
|---|---|
|  |  |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

Exhibit A, Page 000038

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)

Date:

_____          _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____          _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____          _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____          (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____          (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____          _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

Exhibit A, Page 000039

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

Exhibit A, Page 000041

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

> _____
> (ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
> (ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
> (ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
> (ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
> (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
> (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
> (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

> ## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
>
> **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**
>
> **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager mblinder@jamsadr.com (310) 309-6204
   - **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
     - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil.
       - Free, day of trial mediations at the courthouse. No appointment needed.
       - Free or low-cost mediations before the day of trial.
       - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit.
         http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer EngSpan.pdf

   **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

Los Angeles Superior Court ADR website: **http://www.lacourt.org/division/civil/CI0109.aspx**
For general information and videos about ADR, visit **http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

# EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**
11/03/2021
CT Log Number 540526308

**TO:** Cathy Schuda
Target Corporation
1000 NICOLLET MALL
MINNEAPOLIS, MN 55403-2542

**RE:** **Process Served in California**

**FOR:** Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: LOGAN PALOMO, an individual // To: Target Corporation |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV46247 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/03/2021 at 02:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/03/2021, Expected Purge Date: 11/08/2021<br><br>Image SOP<br><br>Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / VE

Exhibit B, Page 000046



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Wed, Nov 3, 2021

**Server Name:**     Ramiro Saucedo

| Entity Served | TARGET CORPORATION |
|---|---|
| Case Number | 20STCV46247 |
| Jurisdiction | CA |



Exhibit B, Page 000047

# EXHIBIT C

Exhibit C, Page 000048

Electronically FILED by Superior Court of California, County of Los Angeles on 12/03/2021 11:19 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Love,Deputy Clerk



1 | Eugene J. Egan (State Bar No. 130108)
   *eje@manningllp.com*
2 | Linwood Warren, Jr. (State Bar No. 140228)
   *lwj@manningllp.com*
3 | **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4 | 801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5 | Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6 |
   Attorneys for Defendant, TARGET
7 | CORPORATION

8 |

9 | ### SUPERIOR COURT OF THE STATE OF CALIFORNIA

   ### COUNTY OF LOS ANGELES, SPRING STREET COURTHOUSE
10 |

11 |
12 | LOGAN PALOMO, an individual,        | Case No. 20STCV46247
                                        | Assigned to the Hon. Daniel M. Crowley,
13 |          Plaintiff,                 | Dept. 28
14 |     v.                              | **DEFENDANT TARGET
                                        | CORPORATION'S ANSWER TO
15 | TARGET CORPORATION, a Minnesota     | PLAINTIFF'S COMPLAINT; DEMAND
    corporation, and DOES 1 to 20, Inclusive, | FOR JURY TRIAL**
16 |          Defendants.

17 |
18 |
19 |                                     | Complaint Filed: 12/3/20
                                        | Trial Date:      6/2/22

20 |        Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure, defendant
21 | TARGET CORPORATION ("defendant"), answers the Complaint of plaintiff  LOGAN
22 | PALOMO ("plaintiff") as follows.
23 |                              **GENERAL DENIAL**
24 |        1.     Defendant denies generally and specifically each and every allegation in the
25 | Complaint, pursuant to Code of Civil Procedure  §431.30, and further denies that plaintiff was
26 | injured, or that plaintiff sustained, or will sustain damages in the sums alleged in the Complaint, or
27 | in any sum, or at all.
28 | C:\Users\bfl\Desktop\TO DO BFL\Target Answer and Demand for
     Jury_ Palomo.docx

1

1

### FIRST AFFIRMATIVE DEFENSE

2      2.      The Complaint and each and every purported cause of action therein fails to state

3   facts sufficient to constitute a cause of action against this answering defendant. This affirmative

4   defense is interposed to the Complaint in its entirety and separately as to each individual cause of

5   action therein although not restated under separate headings as to each cause of action.

6

### SECOND AFFIRMATIVE DEFENSE

7      3.      This answering defendant is informed and believes and thereupon alleges that

8   plaintiff failed to exercise reasonable and ordinary care, caution or prudence for his own safety, in

9   order to avoid the alleged accident.  The resulting injuries and damages, if any, sustained by

10   plaintiff were proximately caused and contributed to by the negligence of plaintiff himself.  This

11   affirmative defense is interposed to the Complaint in its entirety and separately as to each

12   individual cause of action therein although not restated under separate headings as to each cause of

13   action.

14

### THIRD AFFIRMATIVE DEFENSE

15      4.      Defendant alleges that insofar as Defendant has delegated any duty to any

16   subordinate, such delegation was at all times done in good faith, and with due care.  Plaintiff is

17   therefore not liable for any act or omission of any subordinate.

18

### FOURTH AFFIRMATIVE DEFENSE

19      5.      Defendant alleges that plaintiff's recovery is reduced or diminished by plaintiff's

20   failure to mitigate his damages.  This affirmative defense is interposed to the Complaint in its

21   entirety and separately as to each individual cause of action therein although not restated under

22   separate headings as to each cause of action.

23

### FIFTH AFFIRMATIVE DEFENSE

24      6.      Defendant alleges that Plaintiff has not been injured or damaged as a proximate

25   result of any act or omission for which Defendant is responsible.

26

### SIXTH AFFIRMATIVE DEFENSE

27      7.      If plaintiff sustained any damage as alleged in the Complaint, that damage was

28   proximately caused and contributed to by other parties to this action, whether served or not served,

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1   or by other persons or entities not parties to this action.  The proportionate degree of negligence or

2   fault of each of said other persons or entities must be determined and prorated and any judgment

3   that might be rendered against defendant herein must be reduced not only by that degree of

4   comparative negligence and fault found to exist as to plaintiff, but also as to the total of that

5   degree of negligence or fault found to exist as to said other persons or entities.  This affirmative

6   defense is interposed to the Complaint in its entirety and separately as to each individual cause of

7   action therein although not restated under separate headings as to each cause of action.

8   ### SEVENTH AFFIRMATIVE DEFENSE

9   8.   This answering defendant denies that a dangerous condition existed.  However, if it

10   is determined that a dangerous condition in fact did exist, such condition was open and obvious.

11   This affirmative defense is interposed to the Complaint in its entirety and separately as to each

12   individual cause of action therein although not restated under separate headings as to each cause of

13   action.

14   ### EIGHT AFFIRMATIVE DEFENSE

15   9.   This answering defendant denies that a dangerous condition existed.  However, if it

16   is determined that a dangerous condition in fact did exist, such condition was trivial.  This

17   affirmative defense is interposed to the Complaint in its entirety and separately as to each

18   individual cause of action therein although not restated under separate headings as to each cause of

19   action.

20   ### NINTH AFFIRMATIVE DEFENSE

21   10.   Defendant alleges that other persons, either known and/or unknown to this

22   answering defendant, are in whole or in part liable to plaintiff and/or proximately or legally caused

23   plaintiff's alleged injuries.  Pursuant to Civil Code Section 1431.2, plaintiff must look to these

24   other persons for recompense for plaintiff's alleged damages.  This affirmative defense is

25   interposed to the Complaint in its entirety and separately as to each individual cause of action

26   therein although not restated under separate headings as to each cause of action.

27   ### TENTH AFFIRMATIVE DEFENSE

28   Defendant alleges that plaintiff engaged in conduct and activities with respect to the

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  subject of this Complaint, by reason of said activities and conduct, plaintiff is estopped from

2  asserting any claims for damages or seeking any other relief against this answering defendant.

3  This affirmative defense is interposed to the Complaint in its entirety and separately as to each

4  individual cause of action therein although not restated under separate headings as to each cause of

5  action.

6  **ELEVENTH AFFIRMATIVE DEFENSE**

7      12.      Defendant alleges that plaintiff engaged in conduct and activities sufficient to

8  constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct,

9  if any, as set forth in the Complaint.  This affirmative defense is interposed to the Complaint in its

10  entirety and separately as to each individual cause of action therein although not restated under

11  separate headings as to each cause of action.

12  **TWELFTH AFFIRMATIVE DEFENSE**

13      13.      Defendant alleges that the injuries and damages of which plaintiff complains were

14  proximately caused by or contributed to by the acts of other defendants, cross-defendants, persons

15  and/or other entities, and that said acts were an intervening and superseding cause of the injuries

16  and damages, if any, of which the plaintiff complains, thus barring plaintiff from any recovery

17  against this answering defendant.  This affirmative defense is interposed to the Complaint in its

18  entirety and separately as to each individual cause of action therein although not restated under

19  separate headings as to each cause of action.

20  **THIRTEENTH AFFIRMATIVE DEFENSE**

21      14.      That the Complaint was brought without reasonable cause and without a good faith

22  belief that there was a justifiable controversy under the facts of the law which warranted the filing

23  of the Complaint against this responding defendant.  Plaintiff should therefore be responsible for

24  all defendant's necessary and reasonable defense costs, as more particularly set forth in California

25  Code of Civil Procedure Section 1038.  This affirmative defense is interposed to the Complaint in

26  its entirety and separately as to each individual cause of action therein although not restated under

27  separate headings as to each cause of action.

28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
_Attorneys at Law_

1

### FOURTEENTH AFFIRMATIVE DEFENSE

2      15.    Plaintiff's Complaint and each and every cause of action therein contained are

3 barred by any and all applicable statutes of limitations, including, but not limited to Code of Civil

4 Procedure Sections 335.1 and 342.  This affirmative defense is interposed to the Complaint in its

5 entirety and separately as to each individual cause of action therein although not restated under

6 separate headings as to each cause of action.

7

### FIFTEENTH  AFFIRMATIVE DEFENSE

8      16.    Plaintiff's Complaint and each and every cause of action therein contained are

9 barred by the doctrine of laches.  This affirmative defense is interposed to the Complaint in its

10 entirety and separately as to each individual cause of action therein although not restated under

11 separate headings as to each cause of action.

12

### SIXTEENTH AFFIRMATIVE DEFENSE

13      17.    This answering defendant denies that a dangerous condition existed.  However, if it

14 is determined that a dangerous condition in fact did exist, such condition did not exist for a

15 sufficiently reasonable amount of time as to give actual or constructive notice of the condition.

16 This affirmative defense is interposed to the Complaint in its entirety and separately as to each

17 individual cause of action therein although not restated under separate headings as to each cause of

18 action.

19

### SEVENTEENTH AFFIRMATIVE DEFENSE

20      18.    This defendant presently has insufficient knowledge or information on which to

21 form a belief as to whether it may have additional, as yet unstated affirmative defenses available.

22 Defendant herein reserves the right to assert additional defenses in the event that the discovery

23 indicates that they would be appropriate.  This affirmative defense is interposed to the Complaint

24 in its entirety and separately as to each individual cause of action therein although not restated

25 under separate headings as to each cause of action.

26

### EIGHTEENTH AFFIRMATIVE DEFENSE

27      19.    Plaintiff's Complaint and each purported cause of action and/or form of recovery

28 contained therein, is barred to the extent that Plaintiff lacks standing to assert any of the causes of

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    action and/or form of recovery contained in the Complaint because Plaintiff has not suffered any

2    injury-in-fact or for which Plaintiff does not have a private right of action.

3

4            WHEREFORE, defendant TARGET CORPORATION, prays as follows:

5        1.      For dismissal of the Complaint with prejudice;

6        2.      For judgment in favor of this answering defendant and against plaintiff;

7        3.      For costs of suit;

8        4.      For such further relief as the court may deem just and proper.

9    DATED:  December 3, 2021              **MANNING & KASS**
                                          **ELLROD, RAMIREZ, TRESTER LLP**
10

11

12                                        By:    _____/s/ Eugene J. Egan_____

13                                               Eugene J. Egan
                                                 Linwood Warren Jr.
14                                               Attorneys for Defendant TARGET
                                                 CORPORATION
15

16

17

18

19

20

21

22

23

24

25

26

27

28
C:\Users\bfl\Desktop\TO DO BFL\Target Answer and Demand for
Jury_ Palomo.docx
                                              6
**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR
JURY TRIAL**

1

## <u>DEMAND FOR JURY TRIAL</u>

2          Defendant hereby demands trial by jury.

3

4     DATED:  December 3, 2021             **MANNING & KASS**
                                           **ELLROD, RAMIREZ, TRESTER LLP**
5

6

7                                          By:   _____/s/ Eugene J. Egan_____
                                                 Eugene J. Egan
8                                                Linwood Warren Jr.
                                                 Attorneys for Defendant TARGET
9                                                CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR
JURY TRIAL**

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

4

5

On December 3, 2021, I served true copies of the following document(s) described as **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

6

7

Muammar Reed, Esq.
Reed & Garcia Law, P.C.

8

5777 W. Century Bl., Ste 775
Los Angeles, CA 90045

9

P: 888.487.8133
F: 424.320.3033

10

Email:  reed@reedgarcialaw.com
**Attorney for Plaintiff**

11

**Logan Palomo**

12

13

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

14

15

16

17

18

**ONLY BY ELECTRONIC TRANSMISSION:** Only by emailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

19

20

21

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23

Executed on December 3, 2021, at Los Angeles, California.

24

25

/s/ Brenda Leonardo

26

Brenda Leonardo

27

28

C:\Users\bfl\Desktop\TO DO BFL\Target Answer and Demand for Jury_ Palomo.docx

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

Electronically FILED by Superior Court of California, County of Los Angeles on 12/03/2021 11:19 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Love,Deputy Clerk

1 | Eugene J. Egan (State Bar No. 130108)
  | *eje@manningllp.com*
2 | Linwood Warren, Jr. (State Bar No. 140228)
  | *lwj@manningllp.com*
3 | **MANNING & KASS**
  | **ELLROD, RAMIREZ, TRESTER LLP**
4 | 801 S. Figueroa St, 15th Floor
  | Los Angeles, California 90017-3012
5 | Telephone: (213) 624-6900
  | Facsimile: (213) 624-6999
6 |
7 | Attorneys for Defendant, TARGET CORPORATION
8 |
9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10 | **COUNTY OF LOS ANGELES, SPRING STREET COURTHOUSE**

| | |
|---|---|
| LOGAN PALOMO, an individual, | Case No. 20STCV46247 |
| Plaintiff, | Assigned to the Hon. Daniel M. Crowley, Dept. 28 |
| v. | **DEFENDANT TARGET CORPORATION'S NOTICE OF POSTING JURY FEES** |
| TARGET CORPORATION, a Minnesota corporation, and DOES 1 to 20, Inclusive, | |
| Defendants. | Complaint Filed:  12/3/20 |
| | Trial Date:       6/2/22 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant TARGET CORPORATION, hereby posts jury fees in the above-entitled matter.

DATED:  December 3, 2021

           **MANNING & KASS**
           **ELLROD, RAMIREZ, TRESTER LLP**

        By:      /s/ Eugene J. Egan

           Eugene J. Egan
           Linwood Warren, Jr.
           Attorneys for Defendant, TARGET
           CORPORATION

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On December 3, 2021, I served true copies of the following document(s) described as **DEFENDANT TARGET CORPORATION'S NOTICE OF POSTING JURY FEES** on the interested parties in this action as follows:

Muammar Reed, Esq.
Reed & Garcia Law, P.C.
5777 W. Century Bl., Ste 775
Los Angeles, CA 90045
P: 888.487.8133
F: 424.320.3033
Email: reed@reedgarcialaw.com
**Attorney for Plaintiff**
**Logan Palomo**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

**ONLY BY ELECTRONIC TRANSMISSION:** Only by emailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 3, 2021, at Los Angeles, California.

/s/ Brenda Leonardo
Brenda Leonardo

# EXHIBIT D

Muammar Reed, SBN 275133
**REED & GARCIA LAW, P.C.**
5777 West Century Blvd., Suite 775
Los Angeles, CA 90045
Tel: (888) 487-8133
Fax: (424) 320-3033

Attorneys for Plaintiff
**LOGAN PALOMO**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, SPRING STREET COURTHOUSE

| | |
|---|---|
| LOGAN PALOMO, an individual, | CASE NO.: 20 STCV46247 |
| Plaintiff(s), | |
| v. | **PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES** |
| TARGET CORPORATION, a Minnesota corporation, and DOES 1 to 20, Inclusive, | **SET NUMBER ONE (1)** |
| Defendant(s). | |

**PROPOUNDING PARTY:**    Defendant TARGET CORPORATION

**RESPONDING PARTY:**    Plaintiff LOGAN PALOMO

**SET NUMBER:**    ONE

### GENERAL STATEMENT & OBJECTIONS

These responses are made solely for the purpose of, and in relation to, this action.  Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion of any statement contained herein if it were made by a witness present and testifying in court.  All objections and grounds are, therefore, reserved and may be interposed at the time of trial.  Plaintiff has only recently begun discovery in this action, and has not yet completed an investigation of the facts relating to this action or commenced preparation for trial.  Accordingly, the following responses are given without prejudice to this party's right to produce, at the time of

trial, subsequently discovered evidence relating to the proof of facts which are subsequently discovered to be material.

Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be inferred.  All responses must be considered as given on the basis of present recollection.  Nothing herein shall be construed as an admission by this party with respect to the admissibility or relevance of any fact or document, or the relevance, truth, or accuracy of any characterization or statement of any kind contained in Plaintiff's responses to form interrogatories.

Plaintiff objects generally to these interrogatories, and each interrogatory set forth therein to the extent they seek privileged information, including information protected by the attorney-client privilege, and/or the attorney work-product doctrine, and to the extent that they all for legal conclusion and/or theories and other matters upon which Plaintiff does, or may, base his claims in this matter.

## <u>RESPONSES TO FORM INTERROGATORIES</u>

**RESPONSE TO NO. 1.1.:**

Logan Palomo

3092 E. Elowin  Ave

Visalia, CA 93292

Muammar Reed, Esq. (Attorney)

Michael Petruzziello Esq.

Reed & Garcia Law, P.C.

5777 West Century Blvd., Suite 775

Los Angeles, CA 90045

**RESPONSE TO NO. 2.1:**

(a) Logan Palomo

(b) None

(c) Since Birth

**RESPONSE TO NO. 2.2:**

March 10, 1994 in Lemoore Naval Air Station, Riverside, CA.

**RESPONSE TO NO. 2.3:**

Objection.  This request invades Plaintiff's right to privacy guaranteed under the California Constitution.

Without waiving said objections:

State of California, F4303580, Class C.

Discovery ongoing.  Plaintiff reserves the right to amend or further supplement this response as more information becomes available.

**RESPONSE TO NO. 2.4:**

None.  Not applicable.

Discovery ongoing.  Plaintiff reserves the right to amend or further supplement this response as more information becomes available.

**RESPONSE TO NO. 2.5:**

1)  3092 E. Elowin  Ave, Visalia, CA 93292 – Approximately 1/2021- current

2)  456 N. Thompson Road, Tipton, CA 93272 – Approximately 8/2020-12/2020

3)  888 North Robles Ave, Pasadena CA 91104 – Approximately 1/2018-7/2020

4)  840 Chester Ave, Los Angeles CA – Approximately 3/2016-12/2017

Discovery ongoing.  Plaintiff reserves the right to amend or further supplement this response as more information becomes available.

**RESPONSE TO NO. 2.6:**

Retired Military since 2016.

Discovery ongoing.  Plaintiff reserves the right to amend or further supplement this response as more information becomes available.

**RESPONSE TO NO. 2.7:**

Mission Oak High School 2012, Tulare CA

Miltary Book Camp 2013, Lackland Air Force Base, San Antonio, TX

Technical Training for Military 2014, Biloxi MS

Discovery ongoing.  Plaintiff reserves the right to amend or further supplement this response as more information becomes available.

**RESPONSE TO NO. 2.8:**

No.

Discovery ongoing.  Plaintiff reserves the right to amend or further supplement this response as more information becomes available.

**RESPONSE TO NO. 2.9:**

Yes.

**RESPONSE TO NO. 2.10:**

Yes.

**RESPONSE TO NO. 2.11:**

No.

**RESPONSE TO NO. 2.12:**

No.

**RESPONSE TO NO. 2.13:**

No.

**RESPONSE TO NO. 4.1:**

(a) Veterans Affairs health insurance

(b) Unknown at this time

(c) Unknown at this time

(d) Unknown at this time

(e) Unknown at this time

(f) Unknown at this time

(g) Unknown at this time

Discovery ongoing.  Plaintiff reserves the right to amend or further supplement this response as more information becomes available.

**RESPONSE TO NO. 4.2:**

No.

**RESPONSE TO NO. 6.1:**

Yes.

**RESPONSE TO NO. 6.2:**

Plaintiff sustained injuries to his right knee.

**RESPONSE TO NO. 6.3:**

(a) Knee Pain

(b) Everyday

(c) Remaining the same

Discovery ongoing.  Plaintiff reserves the right to amend or further supplement this response as more information becomes available.

**RESPONSE TO NO. 6.4:**

Department of Veteran's Affairs/ West LA

11301 Wilshire Blvd., Los Angeles, CA 90073

12/7/18-12/10/18

Advanced Pain Management

Jonathan Frank, M.D. Orthopedic Surgeon

14624 Sherman Way, Suite 309, Van Nuys, CA 91405

1/1/19-10/19/19

$1,800 Approximately

Susan J. Markle, D.C.

700 East Colorado Blvd, Suite 140

Pasadena, California 91101

10/7/19

$3,750

Precise Imaging

6710 Kester Ave., Suite 126,  Van Nuys, CA 91405

2/6/19

$2,200.00

Allied Health Pharmacy

14659 Victory Blvd Van Nuys, CA 91411-1622

1/17/19-11/6/19

$1857.00

Santa Clarita Surgery Center

23861 West McBean Pkwy, Suite A1, Santa Clarita, CA- 91355-4456

9/20/19-10/19/19

Beverly Hills Surgical Institute

9025 Wilshire Blvd. #203, Beverly Hills, CA 90211

1/24/20 (knee surgery)

$72,500.00


Pushpa Shahani MD (Anesthesia)

1/24/20

3,150.00


Medcalf and Schommer Physical Therapy

3134 W. Caldwell Ave, Visalia, CA 93277

8/6/20-3/31/21

$3,914.00


Bal Rajagopalan M.D., Inc

8501 Wilshire Blvd 316, Beverly Hills, CA 90211-3117

11/3/20

$1337.62


Dynamic Physical Therapy

6718 Andasol Ave, Lake Balboa, CA 91406

2/19/20

$335.00


David Ramin M.D.,

9025 Wilshire Blvd. Suite 210, Beverly Hills, CA 90211

1/17/20-1/22/20

$3085.00


Advanced Pain Management Med Grp

1030 S Arrroyo Pkwy, Suite 103, Pasadena, CA 91105-3261

10/7/19 – 11/6/19

PLAINTIFF RESPONSES TO FORM INTERROGATORIES, SET ONE

1      Discovery ongoing.  Plaintiff reserves the right to amend or further supplement this

2 response as more information becomes available.

3 **RESPONSE TO NO.  6.5:**

4      Plaintiff was prescribed multiple prescriptions to manage pain. Please refer to Plaintiff's

5 produced medical records.

6      Discovery is ongoing.  Plaintiff reserves the right to amend or further supplement this

7 response as more information becomes available.

   **RESPONSE TO NO. 6.6:**

8      No.

9 **RESPONSE TO NO. 6.7:**

10      Objection.  This interrogatory calls for premature medical and expert opinion and testimony.

11 Without waiving the foregoing objection, Plaintiff responds as follows:

12      Please refer to medical records.

13      Discovery is ongoing.  Plaintiff reserves the right to amend or further supplement this

response as more information becomes available.

14 **RESPONSE TO NO. 8.1:**

15      No. Plaintiff is not claiming any loss of earnings.

16 **RESPONSE TO NO. 8.2:**

17      Not Applicable. Plaintiff is not claiming any loss of earnings.

18 **RESPONSE TO NO. 8.3:**

19      Not Applicable. Plaintiff is not claiming any loss of earnings.

20 **RESPONSE TO NO. 8.4:**

     Not Applicable. Plaintiff is not claiming any loss of earnings.

21 **RESPONSE TO NO. 8.5:**

22      Not Applicable. Plaintiff is not claiming any loss of earnings.

23 **RESPONSE TO NO. 8.6:**

24      Not Applicable. Plaintiff is not claiming any loss of earnings.

25 **RESPONSE TO NO. 8.7:**

     Not Applicable. Plaintiff is not claiming any loss of earnings.

26 **RESPONSE TO NO. 8.8:**

27      Not Applicable. Plaintiff is not claiming any loss of earnings.

28

**RESPONSE TO NO. 9.1:**

No other damages other than the aforementioned medical treatment and pain and suffering.

**RESPONSE TO NO. 9.2:**

Not Applicable.

**RESPONSE TO NO. 10.1:**

Yes. Plaintiff underwent a knee surgery in 2015 in the military.

Discovery is ongoing.  Plaintiff reserves the right to amend or further supplement this response as more information becomes available.

**RESPONSE TO NO. 10.2:**

None.

**RESPONSE TO NO. 10.3:**

No.

**RESPONSE TO NO. 11.1:**

No.

**RESPONSE TO NO. 11.2:**

No.

**RESPONSE TO NO. 12.1:**

Plaintiff Logan Palomo, Katherine Cohen; 3092, Visalaia, CA, 93292; 559-885-6062; and Defendant's employees.

Discovery is ongoing.  Plaintiff reserves the right to amend or further supplement this response as more information becomes available.

**RESPONSE TO NO. 12.2:**

Objection.  This interrogatory violates the attorney-client privilege and attorney-work product doctrine.

Notwithstanding the objections:  No.

**RESPONSE TO NO. 12.3:**

Objection.  This interrogatory violates the attorney-client privilege and attorney-work product doctrine.

Notwithstanding the objections:  No.

**RESPONSE TO NO. 12.4:**

Objection.  This interrogatory calls for premature medical and expert opinion and testimony. Without waiving the foregoing objections:

Yes. Eleven(11) Photos.  Depicting Plaintiff's injury and the Target Store entrance. 12/5/2018

Plaintiff and Katherinerose Cohen; 3092, Visalia, CA, 93292; 559-885-6062; girlfriend. Plaintiff and Plaintiff's Counsel.

Discovery is ongoing.  Plaintiff reserves the right to amend or further supplement this response as more information becomes available.

**RESPONSE TO NO. 12.5:**

No.

**RESPONSE TO NO. 12.6:**

Yes. At the time of the incident, Plaintiff did fill out an incident report form. Please see produced report.

Discovery is ongoing.  Plaintiff reserves the right to amend or further supplement this response as more information becomes available.

**RESPONSE TO NO. 12.7:**

Objection.  This interrogatory violates the attorney-client privilege and attorney-work product doctrine.

Notwithstanding the objections:  No.

**RESPONSE TO NO. 14.1:**

No. Not Applicable.

**RESPONSE TO NO. 14.2:**

No.  Not Applicable.

**RESPONSE TO NO 15.1:**

Objection.  This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, it is vague and ambiguous.

Plaintiff filed the Complaint which does not contain any denials, special defenses or affirmative defenses.

**RESPONSE TO NO 16.1:**

No.

**RESPONSE TO NO 16.2:**

No.

**RESPONSE TO NO 16.3:**

No.

**RESPONSE TO NO 16.4:**

No.

**RESPONSE TO NO 16.5:**

No.

**RESPONSE TO NO 16.6:**

No. Not applicable.

**RESPONSE TO NO 16.7:**

Not applicable.

**RESPONSE TO NO 16.8:**

Not applicable.

**RESPONSE TO NO 16.9:**

No.

**RESPONSE TO NO 16.10:**

No.

**RESPONSE TO NO 17.1:**

(a) 2,3

(b) The presence of slick, dirty, brown, water present at the entrance of Target (dangerous condition) caused plaintiff to slip and injure himself.  Based upon the appearance of the water and floor, Target and/or its employee had actual or constructive notice of the aforementioned dangerous condition.  Plaintiff was not distracted.

Discovery is ongoing.  Plaintiff reserves the right to amend or further supplement this response as more information becomes available.

(c) See Plaintiff's Response to 12.1.

(d) See the produced photos, incident report & medical records.


(a) 4,5

Plaintiff does not recall if it was raining immediately prior to him entering Target on the day of the incident.  Plaintiff does not recall stepping in any water at the exterior of Target prior to entering the store.  He recalls stepping in slick, dirty, brown water within the store.

(b) See Plaintiff's Response to 12.1.

(c) See the produced photos, incident report & medical records.

1

2   Dated: February 1, 2022                 REED & GARCIA LAW, P.C

3

4

5                                         Muammar Reed, Esq.

6                                           Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the United States and employed in the County of Los Angeles, State of California, over the age of 18 and not a party to the within action or proceedings; my business address is 5777 W. Century Blvd., STE 775, Los Angeles, CA 90045.

On February 1, 2022, I served the foregoing document(s) described as:

### PLAINTIFF'S RESPONSES TO DEFENDANT'S
### FORM INTERROGATORIES, SET ONE

on the interested parties and/or through their attorneys of record by depositing the original or true copy thereof as designated below, at Los Angeles, California, addressed as follows:

| | |
|---|---|
| Eugene J. Egan<br>Linwood Warren, Jr.<br>Manning & Kass, Ellrod Ramirez, Trester LLP<br>801 S. Figueroa St., 15th Floor<br>Los Angeles, California 90017-3012<br>Email : eje@manningllp.com<br>Attorneys for Defendant | |

( )     **BY MAIL(C.C.P. §§1013(a)):** I caused said document(s) to be deposited in the United States Mail in a sealed envelope with postage fully prepaid at Los Angeles, California, following the ordinary practice at my place of business of collection and processing of mail.

( )     **BY HAND DELIVERY/PERSONAL SERVICE (C.C.P. §§1011, et seq.):** I caused said document(s) to be personally served to the addressee listed above.

( )     **BY TELECOPY/FACSIMILE (C.C.P. §§1012.5 et seq.):** I caused said document(s) to be telecopied to the addressee listed above; telecopier ("Fax") number:

(X)     **BY E-MAIL:** I caused such documents to be transmitted by e-mail to the address: eje@manningllp.com, lwj@manningllp.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on February 1, 2022 in Los Angeles, California.

_____
Michael Petruzziello Esq.

# EXHIBIT E

**Alex Padilla**
**California Secretary of State**

 Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Thursday, May 21, 2020. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C0536463    TARGET CORPORATION

| | |
|---|---|
| **Registration Date:** | 11/24/1967 |
| **Jurisdiction:** | MINNESOTA |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **C T CORPORATION SYSTEM (C0168406)** |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | 1000 NICOLLET MALL<br>MINNEAPOLIS MN 55403 |
| **Entity Mailing Address:** | 1000 NICOLLET MALL, TPS 3155<br>MINNEAPOLIS MN 55403 |

A Statement of Information is due EVERY year beginning five months before and through the end of November.

| Document Type ⇅ | File Date ⬇ | PDF |
|---|---|---|
| SI-NO CHANGE | 10/22/2019 | |
| PUBLICLY TRADED DISCLOSURE | 06/21/2019 | |
| PUBLICLY TRADED DISCLOSURE | 06/28/2018 | |
| SI-COMPLETE | 10/24/2017 | |
| PUBLICLY TRADED DISCLOSURE | 06/23/2017 | |
| PUBLICLY TRADED DISCLOSURE | 06/21/2016 | |
| PUBLICLY TRADED DISCLOSURE | 06/25/2015 | |

Exhibit E, Page 000073

| Document Type ⇅ | File Date ⬇ | PDF |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 07/18/2014 | |
| PUBLICLY TRADED DISCLOSURE | 06/27/2013 | |
| PUBLICLY TRADED DISCLOSURE | 06/20/2012 | |
| PUBLICLY TRADED DISCLOSURE | 05/31/2011 | |
| PUBLICLY TRADED DISCLOSURE | 06/01/2010 | |
| PUBLICLY TRADED DISCLOSURE | 06/09/2009 | |
| PUBLICLY TRADED DISCLOSURE | 06/19/2008 | |
| PUBLICLY TRADED DISCLOSURE | 06/22/2007 | |
| PUBLICLY TRADED DISCLOSURE | 06/07/2006 | |
| PUBLICLY TRADED DISCLOSURE | 06/23/2005 | |
| PUBLICLY TRADED DISCLOSURE | 12/03/2004 | |
| PUBLICLY TRADED DISCLOSURE | 12/22/2003 | Image unavailable. Please request paper copy. |
| PUBLICLY TRADED DISCLOSURE | 12/05/2003 | Image unavailable. Please request paper copy. |
| PUBLICLY TRADED DISCLOSURE | 11/25/2003 | Image unavailable. Please request paper copy. |
| AMENDED REGISTRATION | 02/11/2000 | |
| AMENDED REGISTRATION | 07/23/1985 | |
| AMENDED REGISTRATION | 07/22/1969 | Image unavailable. Please request paper copy. |
| REGISTRATION | 11/24/1967 | Image unavailable. Please request paper copy. |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.

Exhibit E, Page 000074

- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

**Modify Search**     **New Search**     **Back to Search Results**

Exhibit E, Page 000075

## Business Record Details »

Minnesota Business Name
## Target Corporation

**Business Type**
Business Corporation (Domestic)

**File Number**
11-AA

**Filing Date**
02/11/1902

**Renewal Due Date**
12/31/2020

**Number of Shares**
6,005,000,000

**Chief Executive Officer**
BRIAN C CORNELL
1000 Nicollet Mall
Mpls, MN 55403
USA

**MN Statute**
302A

**Home Jurisdiction**
Minnesota

**Status**
Active / In Good Standing

**Registered Office Address**
1010 Dale St N
St Paul, MN 55117–5603
USA

**Registered Agent(s)**
C T Corporation System

**Principal Executive Office Address**
1000 Nicollet Mall
Mpls, MN 55403
USA

### Filing History

# Filing History

Select the item(s) you would like to order:  [ Order Selected Copies ]

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 02/11/1902 | Original Filing - Business Corporation (Domestic) | |
| | 02/11/1902 | Business Corporation (Domestic) Business Name (Business Name: Goodfellow Dry Goods Co.) | |
| ☐ | 05/25/1903 | Business Corporation (Domestic) Business Name (Business Name: Dayton Dry Goods Co.) | |
| ☐ | 05/17/1911 | Business Corporation (Domestic) Business Name (Business Name: The Dayton Company) | |
| ☐ | 08/04/1915 | Business Corporation (Domestic) Change of Shares | |

Business Filing Details

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 02/04/1919 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 11/29/1922 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 07/25/1928 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 08/12/1931 | Business Corporation (Domestic) Duration | |
| ☐ | 02/16/1939 | Amendment - Business Corporation (Domestic) | |
| ☐ | 07/25/1939 | Amendment - Business Corporation (Domestic) | |
| ☐ | 03/18/1949 | Business Corporation (Domestic) Duration | |
| ☐ | 12/30/1950 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 07/28/1955 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 12/31/1958 | Merger - Business Corporation (Domestic) | |
| | 12/31/1958 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 02/02/1959 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/30/1963 | Amendment - Business Corporation (Domestic) | |
| ☐ | 09/02/1964 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 03/02/1966 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 12/06/1966 | Amendment - Business Corporation (Domestic) | |
| ☐ | 01/27/1967 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 05/29/1967 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 07/28/1967 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/06/1967 | Business Corporation (Domestic) Business Name (Business Name: Dayton Corporation) | |
| | 09/06/1967 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 11/24/1967 | Merger - Business Corporation (Domestic) | |
| ☐ | 12/08/1967 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 05/07/1968 | Merger - Business Corporation (Domestic) | |
| ☐ | 02/13/1969 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 03/18/1969 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 05/22/1969 | Amendment - Business Corporation (Domestic) | |

Exhibit E, Page 000077

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 06/20/1969 | Business Corporation (Domestic) Business Name (Business Name: Dayton-Hudson Corporation) | |
| ☐ | 07/23/1970 | Amendment - Business Corporation (Domestic) | |
| ☐ | 06/16/1972 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 01/04/1974 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/25/1975 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/25/1975 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/27/1976 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/27/1976 | Merger - Business Corporation (Domestic) | |
| ☐ | 02/01/1977 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/24/1978 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 06/24/1982 | Business Corporation (Domestic) Active Status Report | |
| ☐ | 11/22/1982 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/26/1983 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 04/19/1984 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 05/31/1985 | Business Corporation (Domestic) Restated Articles | |
| | 05/31/1985 | Business Corporation (Domestic) Business Name (Business Name: Dayton Hudson Corporation) | |
| ☐ | 01/15/1986 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/30/1986 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/23/1986 | Amendment - Business Corporation (Domestic) | |
| ☐ | 06/03/1987 | Amendment - Business Corporation (Domestic) | |
| ☐ | 05/25/1988 | Amendment - Business Corporation (Domestic) | |
| ☐ | 01/11/1990 | Business Corporation (Domestic) Other | |
| ☐ | 06/21/1996 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/12/1996 | Business Corporation (Domestic) Other | |
| ☐ | 09/18/1997 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/1998 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/10/1998 | Business Corporation (Domestic) Change of Shares | |

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 09/11/1998 | Business Corporation (Domestic) Other | |
| ☐ | 01/13/2000 | Business Corporation (Domestic) Business Name (Business Name: Target Corporation) | |
| | 01/13/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/2000 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 06/16/2000 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 11/17/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 09/18/2001 | Business Corporation (Domestic) Other | |
| ☐ | 02/21/2002 | Business Corporation (Domestic) Restated Articles | |
| | 02/21/2002 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 12/23/2002 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/31/2003 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/20/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 06/14/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 08/31/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 10/27/2005 | Business Corporation (Domestic) Other | |
| ☐ | 10/28/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 10/28/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 11/09/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 11/22/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 07/13/2006 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/24/2007 | Amendment - Business Corporation (Domestic) | |
| ☐ | 05/24/2007 | Business Corporation (Domestic) Other | |
| ☐ | 06/17/2008 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/27/2009 | Merger - Business Corporation (Domestic) | |
| ☐ | 06/10/2010 | Business Corporation (Domestic) Restated Articles | |

Exhibit E, Page 000079

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 11/22/2010 | Merger - Business Corporation (Domestic) | |
| ☐ | 4/30/2015 | Merger Survivor - Business Corporation (Domestic) | 5/1/2015 12:01 AM |
| ☐ | 10/12/2015 | Merger Survivor - Business Corporation (Domestic) | 10/16/2015 12:01 AM |
| ☐ | 1/27/2016 | Merger Survivor - Business Corporation (Domestic) | 1/30/2016 11:59 PM |
| ☐ | 1/28/2016 | Merger Survivor - Business Corporation (Domestic) | 1/30/2016 11:59 PM |
| ☐ | 4/18/2016 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 9/16/2016 | Registered Office and/or Agent - Business Corporation (Domestic) | |

© 2020 Office of the Minnesota Secretary of State - Terms & Conditions          ✉ Subscribe for email updates!

Exhibit E, Page 000080